**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN J. RODRIGUEZ,

    Plaintiff,

v.                                                                                          No.:

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

    Defendant.

## NOTICE OF REMOVAL

**COMES NOW**, Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter "Allstate"), by and through its counsel of record, STIFF, GARCIA & ASSOCIATES, LLC (Kathy L. Black, Esq. and John S. Stiff, Esq.), and hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, states as follows.

1. Plaintiff John J. Rodriguez ("Plaintiff") filed Plaintiffs' Original Complaint ("Complaint") in the Third Judicial District Court, County of Sandoval, State of New Mexico, in Cause No. D-1329-CV-2023-01414 on March 31, 2023. *See* Complaint, hereto attached as **Exhibit A**.

2. Defendant Allstate was served with a copy of Summons, Return, Original Complaint, and Order on October 23, 2023. *See* **Exhibit B**, Service of Process Transmittal Summary. Defendant Allstate is removing this matter within thirty (30) days of service of the summons and complaint, and therefore this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 6(a).

00575576

3. Plaintiff states he is "individual and resident of the State of New Mexico." *See* **Exhibit A**, ¶ 1. Plaintiffs own the residential property at 3224Greystone Ct. SE, Rio Rancho, New Mexico. *See* **Exhibit A**, ¶ 8. Based on the above, Allstate asserts upon information and belief that Plaintiff resides in New Mexico and is a citizen of New Mexico.

4. Defendant Allstate asserts it a Delaware Corporation with its principal office in Northbrook, Illinois, making it a citizen of both Delaware and Illinois. *See* **Exhibit C**, Corporate Certificate of Good Standing.

5. Plaintiff and the Defendant are citizens of different states. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

6. Diversity of citizenship is therefore present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

7. As Defendant Allstate has accepted service and is the only Defendant in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.

8. Plaintiff alleges that their property was damaged on July 31, 2018, by a covered storm, which caused property damage. *See* **Exhibit A**, ¶ 7.

9. In addition to contract damages, Plaintiffs also seek damages from Defendant Allstate under the New Mexico Unfair Insurance Claim Practices Act, and Bad Faith, including actual damages, policy benefits, pre-judgment interest, post-judgment interest, court costs, attorneys' fee, treble damages, statutory interest, and exemplary damages,. *See* **Exhibit A**, ¶¶ 60, 76, 77, 80, 81, Prayer for Relief.

10. Consistent with the Rules of Civil Procedure for the State of New Mexico, Plaintiffs do not allege a specific dollar amount of damages sought in their civil action. *See* Rule 1-008 (A)(3) NMRA. While Plaintiffs do not allege a specific dollar amount of damages, the nature of their claims demonstrate that Plaintiffs are seeking damages exceeding $75,000.00.  This is because the complaint alleges Allstate withheld, inter alia, "almost $30,000.00 from Plaintiff in insurance benefits rightfully owed under the Policy." **Exhibit A, ¶** 26.[1]  Thus, when the prayer for treble damages (see Prayer for Relief), along with claims for punitive damages and attorney fees are considered, the amount in controversy exceeds the jurisdictional limit.

11. Pursuant to 28 U.S.C. § 1446(c)(2), the notice of removal "may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded", and the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (When the amount in controversy, as here, is not apparent on the face of the complaint, the amount can be ascertained by considering (1) the Plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) any other relevant materials in the record.).

---

[1] The complaint suggests some of this amount was eventually paid by Allstate, but alleges that "more than $8,400.00" was wrongfully withheld "for depreciation," allegedly in violation of New Mexico law.  Exhibit A, ¶ 27.

12. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. § 1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant seeking federal-court adjudication must only file a notice of removal "containing a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) citing § 1446(a). The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court, *Id.* Defendant Allstate asserts that based on Plaintiff's claims of special damages, treble damages, punitive damages and attorney fees, a preponderance of the evidence demonstrates that Plaintiff seeks more than the jurisdictional threshold of $75,000.

13. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(b), because the State Court action is pending in New Mexico and the event giving rise to the State Court action occurred in New Mexico.

14. This Court has jurisdiction over the parties in this case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

15. Defendant Allstate, as required by 28 U.S.C. § 1446(d), will promptly file a copy of this notice of removal with the clerk of the State District Court where the action is pending, and give written notice to Plaintiff on this date.

16. Defendant Allstate is filing a Notice of Filing of Notice of Removal in the state court action, a copy of which is attached to this Notice as **Exhibit D**. This Notice

of Filing Notice of Removal is being filed concurrently with this Notice in the Third Judicial District Court, County of Sandoval, State of New Mexico, pursuant to 28 U.S.C. § 1446(d).

17. Defendant Allstate is filing an Entry of Appearance in the state court action on this date, a copy of which is attached to this Notice as **Exhibit E.**

18. Defendant Allstate will submit a certified copy of the State Court record within 28 days of filing this Notice of Removal, pursuant to D.N.M. LR-CIV 81.1(a).

19. A Civil Cover Sheet for this matter is attached hereto as **Exhibit F.**

20. This Notice of Removal is signed pursuant to the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, respectfully requests that the state court action, now pending in the Third Judicial District Court, County of Sandoval, State of New Mexico, bearing Cause No. D-1329-CV-2023-01414, be removed to the U.S. District Court for the District of New Mexico, and requests that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By */s/ Kathy L. Black*
Kathy L. Black, Esq.
John S. Stiff, Esq.
500 Marquette Ave. NW, Suite 1400
Albuquerque, New Mexico 87102-3274
Phone:     (505) 243-5755
E-Mail:     kblack@stifflaw.com
              jstiff@stifflaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November 2023, the foregoing was electronically filed through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lawrence A. VandenBout
CALLENDER BOWLIN, PLLC
1550 Wewatta St., Floor 2
Denver, CO 80202
Phone:  303-221-9791
Fax:     713-724-8007
Email:   Lawrence@CBTrial.com
*Attorney for Plaintiffs*


*/s/ Kathy L. Black*
Kathy L. Black, Esq.
John S. Stiff, Esq.